BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     E-mail:   matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>ERNEST GERRIAN JOHNSON,<br><br>          Defendant. | No. CR  2:25-mj-02039-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

   Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
         following grounds:
   ☐  a.   present offense committed while defendant was on release
           pending (felony trial),
   ☐  b.   defendant is an alien not lawfully admitted for
           permanent residence; and

|   |   |   |
|---|---|---|
| ☐ | c. | defendant may flee; or |
| ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| ☒ | a. | the appearance of the defendant as required; |
| ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☒ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| ☒ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |   |   |
|---|---|---|---|
| | | | 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| | ☐ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| ☒ | 5. | | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
| | ☐ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
| | ☐ | b. | an offense for which maximum sentence is life imprisonment or death; |
| | ☒ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c |

|   |   |   |   |
|---|---|---|---|
| | | | if federal jurisdiction were present, or a combination or such offenses; |
| | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| | ☒ | f. | serious risk defendant will flee; |
| | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: April 4, 2025                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                             /s/ Matt Coe-Odess
                                        _____
                                        MATT COE-ODESS
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA